NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC D. PHILLIPS, | No. C 08-05460 JF (PR) |
| Plaintiff, | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| vs. | |
| SAN FRANCISCO SHERIFF'S DEPARTMENT, | |
| Defendant. | |

Plaintiff, a pretrial detainee at the San Francisco County Jail proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) will be addressed in a separate order. For the reasons discussed below, the Court will dismiss the complaint.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify

1  any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a
2  claim upon which relief may be granted or seek monetary relief from a defendant who is
3  immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be
4  liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
5  1988).

6       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
7  elements: (1) that a right secured by the Constitution or laws of the United States was
8  violated, and (2) that the alleged violation was committed by a person acting under the
9  color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

10 B.     Legal Claims
11      Plaintiff appears to be a pretrial detainee held at the San Francisco County Jail
12 pending trial.  Plaintiff does not state the charges for which he is being detained.  Plaintiff
13 alleges that on October 6, 2008, he "was told that [he] had to attend school within the
14 institution of San Bruno county jail and that if [he] didn't there would be repercussions."
15 (Compl. 3.)  Plaintiff alleges that he was not sentenced nor "court mandated to attend"
16 such a course and that he "had the right to utilize the necessary time to study [his]
17 criminal case to prepare for [his] defense and to declare [his] innocence within the court
18 of law."  (Id.)  Plaintiff states that San Bruno is a "program institution" and he seeks
19 placement in a "non-program institution" where he can "study and prepare [his] defense
20 for the court of law."  (Id.)

21      Plaintiff's claim is deficient because he fails to allege the first element necessary to
22 state a claim under § 1983, *i.e.*, that a right secured by the Constitution or laws of the
23 United States was violated.  See West, 487 U.S. at 48.  Plaintiff makes no allegation that
24 any federal right was violated by being forced to participate in programs at the county
25 jail.  Furthermore, the San Francisco County Jail is not a "person" for the purposes of a §
26 1983 action.  Generally, the second element requires Plaintiff to allege that a federally
27 protected right was violated by a *person* acting under color of state law, *i.e.*, who
28 "exercise[s] power possessed by virtue of state law and made possible only because the

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.JF\CR.08\Phillips05460_dwlta.wpd     2

1  wrongdoer is clothed with the authority of state law," <u>West v. Atkins</u>, 487 U.S. at 49
2  (citation and internal quotation marks omitted).
3      Plaintiff will be given leave to amend to cure the deficiencies described above.
4  Plaintiff must name proper individual defendants, stating specific facts as to each
5  individual defendant's conduct that proximately caused a violation of his rights.  <u>See</u>
6  <u>Leer</u>, 844 F.2d at 634.

## CONCLUSION

9    1.  The complaint is DISMISSED with leave to amend within **thirty (30) days**
10 from the date this order is filed to cure the deficiencies described above.  The amended
11 complaint must include the caption and civil case number used in this order (08-05460 JF
12 (PR)) and the words FIRST AMENDED COMPLAINT on the first page.  Because an
13 amended complaint completely replaces the previous complaints, Plaintiff must include in
14 his amended complaint all the claims he wishes to present and all of the defendants he
15 wishes to sue.  <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff
16 may not incorporate material from the prior complaint by reference.  **Failure to file an**
17 **amended complaint in accordance with this order will result in dismissal of this**
18 **action without further notice to Plaintiff.**
19   2  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
20 Court informed of any change of address by filing a separate paper with the clerk headed
21 "Notice of Change of Address."  He must comply with the Court's orders in a timely
22 fashion or ask for an extension of time to do so.  Failure to comply may result in the
23 dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 4/20/09

                                  JEREMY FOGEL
                                  United States District Judge